IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CT-3015-BR

| | |
|---|---|
| ARLON DAVID SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TRACY JOHNS, DEBORAH A. ) | |
| GONZALES, JESSICA B. GODWIN, ) | |
| KAREN STEINOUR, and ANDARES ) | |
| HERNANDEZ, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion to stay filed by defendants Tracy Johns, Deborah A. Gonzales, Jessica B. Godwin, Karen Steinour, and Andares Hernandez ("defendants"). (DE # 13.) The period to respond and reply to the motion has elapsed, and the matter is now ripe for disposition.

## I. BACKGROUND

On 30 March 2012, plaintiff was civilly committed as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), codified at 18 U.S.C. §§ 4247-4248. See United States v. Simpson, No. 5:09-HC-2075-BR (E.D.N.C.), DE # 52. While plaintiff was awaiting his civil commitment hearing under the Adam Walsh Act, he initiated the current action on 20 January 2012.

In this lawsuit, plaintiff seeks to challenge various conditions of his confinement pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He alleges, *inter alia*, that: (1) he is subjected to "the same exact conditions of

confinement that Federal prisoners serving a criminal sentence are subjected to" (Compl., DE # 1, at 4 ¶ 1)[1]; (2) he is forced to wear the same uniform as prisoners in general population; (3) Federal Bureau of Prisons ("BOP") correctional staff control all aspects of his life; (4) he is frequently in the physical presence of other prisoners serving criminal sentences; (5) he is served meals by federal prisoners and is required to eat his meals near other federal prisoners; (6) other prisoners often taunt and harass him; (7) his hair is cut by federal prisoners; (8) he is not afforded the same educational and vocational opportunities as general population prisoners; (9) he is "double bunked" (id. at 7 ¶ 2(i)) with another person who is detained under the Adam Walsh Act; (10) he is given less recreation time and freedom of movement than general population prisoners; (11) he is not given equal access to the prison laundry; (12) he remains subject to the BOP disciplinary system and BOP correctional staff are not trained to deal with civil detainees; (13) he is limited regarding what he can purchase at the prison commissary and watch on television; and (14) he must leave his mail unopened and unsealed.

## II. DISCUSSION

On 1 November 2012, defendants filed a motion to consolidate this case with eight other cases pending in this district. The motion to consolidate was not filed in the instant case but was filed in the case of Ballard v. Johns, No. 5:11-CT-3042-D (E.D.N.C.), DE # 47. Defendants state that the consolidation of these cases "would facilitate the most economical use of judicial resources." (Defs.' Mem. Supp. Mot. Stay, DE # 14, at 2.) Defendants now ask for a stay of all

---

[1] Plaintiff's complaint in this action essentially consists of two documents, a fill-in-the-blank typewritten form that is made available for use by *pro se* litigants, and a separately-numbered statement of claim that plaintiff composed entirely on his own. Therefore, in order to avoid confusion when citing to the complaint, the court will refer to the page numbers that were electronically generated by the Clerk's office when the documents were filed together as a single docket entry.

proceedings in the instant matter pending the resolution of the motion to consolidate filed in Ballard. Plaintiff has not filed a response to the motion to stay.

A district court has the power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by "the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55; see also United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977) (per curiam) ("The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.").

Although a stay would result in a delay of the resolution of the instant matter, delay is an inherent part of any stay. Thus, the court finds that delay alone is insufficient to prevent the stay. Moreover, even if the delay could be characterized as one that is prejudicial to plaintiff, there are considerations of judicial economy that outweigh any prejudice that might result. First, if this case is consolidated with the other eight cases in this district and another judge is assigned to preside over the consolidated litigation, the undersigned will have needlessly expended energies familiarizing himself with the intricacies of a case that would be heard by another judge. In addition, any efforts on behalf of the undersigned concerning case management will most likely

3

have to be replicated by the judge that is assigned to handle the consolidated litigation. Therefore, there is a great deal of this court's time and energy that could be saved by staying the instant case pending the decision on the motion to consolidate.[2] Accordingly, defendants' motion to stay will be granted.

### III. CONCLUSION

Based on the foregoing reasons, defendants' motion to stay (DE # 13) is GRANTED, and this case is stayed in its entirety until a ruling is made on the 1 November 2012 motion to consolidate filed in the case of <u>Ballard v. Johns</u>, No. 5:11-CT-3042-D (E.D.N.C.).

This 13 February 2013.

_____
W. Earl Britt
Senior U.S. District Judge

---

[2] The court also notes that if the motion to consolidate is granted, a duplication of discovery in the consolidated cases is likely to be avoided, thereby promoting the efficient resolution of litigation.